IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHAKELA HOLLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No.: |
| v. | ) |
| | ) |
| AMERICAN MULTI-CINEMA, INC., | ) |
| CARMIKE CINEMAS, LLC, AND | ) |
| EASTWYNN THEATERS, LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COME NOW defendants American Multi-Cinema, Inc. ("AMC"), Carmike Cinemas, LLC ("Carmike"), and Eastwynn Theatres, LLC, improperly named as Eastwynn Theaters, LLC in plaintiff's complaint ("Eastwynn"), appearing specially and without waiving any defenses related to service, jurisdiction, and venue, and file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully showing this Court the following:

1.

On January 28, 2021, plaintiff Shakela Holloway filed suit against AMC, Carmike, and Eastwynn in the Superior Court of Muscogee County, State of Georgia. A copy of the complaint and summons is attached hereto as Exhibit "A."

2.

In her complaint, plaintiff seeks to recover for personal injuries allegedly sustained as a result of a fall at a movie theater that occurred on or about February 1, 2020, at 5556 Whittlesey Boulevard Suite 4000, Columbus, Georgia.

3.

Plaintiff's complaint alleges she "suffered extensive, severe, personal injuries… [and] has incurred special damages consisting of medical expenses for the care and treatment of her injuries in excess of $10,000." (Exhibit A, Complaint ¶¶ 24-25.)  Although plaintiff's complaint does not otherwise allege a specific amount of damages, plaintiff sent AMC a settlement demand before filing suit in which plaintiff demanded $125,000.  A true and correct copy of plaintiff's pre-suit settlement demand is attached hereto as Exhibit "B."

4.

Accordingly, it is fair and reasonable to conclude that the amount in controversy exceeds $75,000 based on "reasonable deductions, reasonable inferences, [and] other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc. 608 F.3d 744, 754 (11th Cir. 2010).

5.

Under 28 U.S.C. § 1446(c), a defendant may file a notice of removal within

thirty days of receipt through service or otherwise of an amended, pleading, motion, order, or other paper from which it first may be ascertained that the case is or has become removable. 28 U.S.C. § 1446(b)(3).

6.

"Other paper" is defined as any other document that is part and parcel of the State Court proceedings and has its origin and existence by virtue of the State Court processes. In general, to constitute "other paper," the paper must result from the voluntary act of plaintiff to give the defendant notice of the circumstances that support federal jurisdiction. Items that have been held by courts to constitute "other paper" include correspondence between parties identifying damages and losses suffered by plaintiff, depositions, discovery responses, settlement agreements, and offers of judgment. Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309 (N.D. Ga. 2013); Bramlett v. Majric, 2012 U.S. Dist. LEXIS 133925 (N.D. Ga. 2012); Golden Apple Management Co. v. GEAC Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1997); Wilson v. GMC, 888 F. 2d 779 (11th Cir. 1989).

7.

The thirty-day removal period does not begin to run until a defendant has been formally served with process. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999).

8.

When there are multiple defendants and defendants are served at different times, if the later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. 28 U.S.C. § 1446(b)(2)(C).

9.

Defendant AMC was served with process on March 23, 2021.

10.

Defendants Carmike and Eastwynn have not been served.

11.

Defendants' Notice of Removal is timely and the matter and amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

13.

According to plaintiff's complaint, she is a resident and citizen of the State of Georgia. (Exhibit A, Complaint ¶ 1).

14.

Defendant AMC is a Missouri corporation with a principal place of business in Leawood, Kansas, as shown by the entity's corporate entry with the Kansas Secretary of State, a copy of which is attached as Exhibit "C". Defendant AMC's citizenship is therefore established in the State of Missouri and State of Kansas for

diversity of citizenship purposes. See 28 U.S.C. § 1332(c) (providing that a corporation is deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business).

15.

Plaintiff's complaint alleges that defendant Carmike is a foreign limited liability company with its principal place of business located at 11500 Ash Street, Leakwood, Kansas 66211, and registered to do business in Georgia with the registered agent, Corporate Creations Network, located at 2985 Gordon Parkway 1st Floor, Marietta, Georgia 30066. (Exhibit A, Complaint ¶¶ 4-5.)[1]

16.

Plaintiff's complaint alleges that defendant Eastwynn is a foreign limited liability company with its principal place of business located at 11500 Ash Street, Leakwood, Kansas 66211, and registered to do business in Georgia with the registered agent, Corporate Creations Network, located at 2985 Gordon Parkway 1st Floor, Marietta, Georgia 30066. (Exhibit A, Complaint ¶¶ 6-7.)[2]

---

[1] However, according to the Georgia Secretary of State website, defendant Carmike is a foreign limited liability corporation that has withdrawn from the State of Georgia as of February 1, 2021.

[2] However, according to the Georgia Secretary of State website, defendant Eastwynn is a foreign limited liability corporation that has withdrawn from the State of Georgia as of January 29, 2021.

17.

This Court has diversity jurisdiction over the suit under 28 U.S.C. § 1332 because (1) plaintiff and defendants are citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

18.

Attached hereto as Exhibit "D" and made a part hereof by reference is a true copy of the Notice of Removal filed by defendants in the Superior Court of Muscogee County, Georgia.

19.

Attached hereto as Exhibit "E" are copies of all pleadings served upon defendants in this case.

WHEREFORE, defendants American Multi-Cinema, Inc., Carmike Cinemas, LLC, and Eastwynn Theatres, LLC pray that the case be removed to the United States District Court for the Middle District of Georgia, Columbus Division.

This the 22nd day of April, 2021.

                                **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                                */s/ Marissa H. Merrill*

                                _____

                                David M. Atkinson
                                Georgia State Bar No. 026460
                                Marissa H. Merrill
                                Georgia State Bar No. 216039

1355 Peachtree Street, NE, Suite 300    *Attorneys for Defendant*
Atlanta, GA  30309
404-874-8800
404-888-6199 (fax)
david.atkinson@swiftcurrie.com
marissa.merrill@swiftcurrie.com

## CERTIFICATE

Defendants in the case of <u>Shakela Holloway v. American Multi-Cinemas, Inc., Carmike Cinemas, LLC, and Eastwynn Theaters, LLC,</u> Civil Action File No. SU-2021-CV-175 in the Superior Court of Muscogee County, Georgia, have given notice of the filing of the foregoing notice of removal to plaintiff <u>Shakela Holloway</u>, and her attorneys, by mailing a copy of the notice to Gary O. Bruce, J. Brandon Snellings, Kristen C. Saunders, GARY O. BRUCE, P.C., 912 Second Avenue, Columbus, GA 31901, and have filed a copy of the Notice of Removal with the Clerk of the Superior Court of Muscogee County, Georgia, in accordance with the provisions of Title 28, United States Code, § 1446, Judiciary and Judicial Procedure, as amended. The undersigned, Marissa H. Merrill, attorney for defendant American Multi-Cinema, Inc., Carmike Cinemas, LLC, and Eastwynn Theatres, LLC hereby certifies to the truthfulness and correctness of the above statement.

This 22nd day of April, 2021.

        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

        */s/ Marissa H. Merrill*
        _____
        David M. Atkinson
        Georgia Bar No. 026460
        Marissa H. Merrill
        Georgia Bar No. 216039
        *Attorneys for Defendants*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
david.atkinson@swiftcurrie.com
marissa.merrill@swiftcurrie.com

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that she has filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF-GA e-file and serve system which will send email notification of said filing to the following attorneys of record:

Gary O. Bruce
J. Brandon Snellings
Kristen C. Saunders
GARY O. BRUCE, P.C.
912 Second Avenue
Columbus, GA 31901
gary@garybrucelaw.net
brandon@garybrucelaw.net
kristen@garybrucelaw.net
Attorneys for the Plaintiff

This the 22nd day of April, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Marissa H. Merrill*
_____
David M. Atkinson
Georgia State Bar No. 026460
Marissa H. Merrill
Georgia State Bar No. 216039
*Attorneys for Defendants*

1355 Peachtree Street, NE, Suite 300
Atlanta, GA  30309
404-874-8800
404-888-6199 (fax)
david.atkinson@swiftcurrie.com
marissa.merrill@swiftcurrie.com

4812-9295-8181, v. 1