# EXHIBIT A

# SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU-2021-CV-175**

JAN 28, 2021 03:03 PM

SERVE

Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER SU-2021-CV-175

Holloway, Shakela

**PLAINTIFF**

VS.

American Multi-Cinema, INC , DBA Carmike Cinemas, LLC and Eastwynn Theaters, LLC

**DEFENDANT**

## SUMMONS

TO: AMERICAN MULTI-CINEMA, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **J.Brandon Snellings**
> **Gary O. Bruce, P.C.**
> **912 Second Avenue**
> **Columbus, Georgia 31901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of January, 2021.**

Clerk of Superior Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

📧 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MUSCOGEE COUNTY, GEORGIA

**SU-2021-CV-175**

JAN 28, 2021 03:03 PM

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHAKELA HOLLOWAY, | * |
| Plaintiff, | * CIVIL ACTION FILE NUMBER |
| vs. | * |
| AMERICAN MULTI-CINEMA, INC., CARMIKE CINEMAS, LLC, AND EASTWYNN THEATERS, LLC, | * _____ |
| Defendants. | * |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Shakela Holloway and files this Complaint for Damages by showing this Court as follows:

1.

Plaintiff is a resident of Columbus, Muscogee County, Georgia.

2.

Defendant American Multi-Cinema, Inc. ("AMC") is a foreign corporation registered with the Georgia Secretary of State to do business in Georgia, with its principal place of business located at One AMC Way, 11500 Ash Street, Leakwood, Kansas 66211.

3.

Defendant AMC may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process, identified as Corporate Creations Network, located at 2985 Gordy Parkway 1st FL, Marietta, GA 30066.

4.

Defendant Carmike Cinemas, LLC, ("Carmike") is a foreign limited liability company

registered with the Georgia Secretary of State to do business in Georgia, with its principal place of business located at 11500 Ash Street, Leakwood, Kansas 66211.

5.

Defendant Carmike may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process, identified as Corporate Creations Network, located at 2985 Gordy Parkway 1st FL, Marietta, GA 30066.

6.

Defendant Eastwynn Theaters, LLC, ("Eastwynn") is a foreign limited liability company registered with the Georgia Secretary of State to do business in Georgia, with its principal place of business located at 11500 Ash Street, Leakwood, Kansas 66211.

7.

Defendant Eastwynn may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process, identified as Corporate Creations Network, located at 2985 Gordy Parkway 1st FL, Marietta, GA 30066.

8.

Jurisdiction and venue are proper in this Court.

9.

At all times relevant to this Complaint, Eastwynn was a 100% owned subsidiary of Carmike while Carmike in turn was a 100% owned subsidiary of AMC. Upon information and belief, Eastwynn was responsible for managing Carmike's, and thereby AMC's, local movie theater properties in Columbus, Muscogee County, Georgia, including "Hollywood Connection" and "AMC CLASSIC Columbus Park 15."

10.

At all times relevant to this Complaint, Defendants owned, operated, occupied, and/or controlled a movie theater, known as "AMC CLASSIC Columbus Park 15", at 5556 Whittlesey Boulevard Suite 4000, Columbus, Muscogee County, Georgia.

11.

Defendants owed a duty to general customers and invitees using said facility to exercise ordinary care in keeping said premises and its approaches safe for said customers and invitees using said facility.

12.

Defendants owed a duty to general customers and invitees using said facility to exercise ordinary care to warn said customers and invitees using said facility, of any latent dangers or hazards which they knew or should have known existed at the facility.

13.

Prior to and on February 1, 2020, Defendants allowed a dangerous condition to exist at its place of business. Specifically, Defendants allowed a poorly lit gap alongside the stairs, rows, and aisles of its theater in "Auditorium 1508".

14.

The condition created by the poorly lit gap alongside the stairs, rows, and aisles was dangerous by creating a hazard to invitees who could step into and fall into the gap suffering injury, and it was foreseeable that customers and invitees would step into the gap due to its position alongside the stairs, rows, and aisles of Defendant's theater.

15.

On February 1, 2020, and before the condition was encountered by Plaintiff, the

dangerous condition of the floor was known to Defendants.

16.

Before the condition was encountered by Plaintiff, the dangerous condition of the floor had been reported to Defendants.

17.

Specifically, the exact dangerous condition was reported to Defendants on August 4, 2010, due to Glenda Sanford suffering an injury from the hazard on July 23, 2010. Further, Defendants created an incident report documenting the incident on the date of loss. Ms. Sanford injured her leg in the incident. An injury claim was reported and set up with Defendants or their agents for Ms. Sanford. Further, the hazard was again reported to Defendants on August 11, 2011 due to Aimee Owens suffering an injury from the hazard on July 27, 2011. Again, Defendants created an incident report documenting the incident on the date of loss. Ms. Owens injured her leg, knee, and ankle in the incident resulting in multiple surgeries. Ms. Owens filed suit against Defendants on May 6, 2013 and a renewal suit on October 7, 2015 providing further notice of the hazard. During the course of Ms. Owens' litigation, Defendants were made aware of multiple code violations and expert opinions as to the existence of the hazard. Further, Defendants are believed to have spoliated evidence following Ms. Owens' injury in the form of destroying or losing various documents concerning the chairs, aisles, rows, and spacing despite being on notice of litigation.

18.

Despite multiple prior losses, Defendants never took any corrective action to fix, remedy, or warn general customers or invitees of the known hazard.

19.

On February 1, 2020, Plaintiff had no knowledge or warning that the dangerous condition existed.

20.

On February 1, 2020, Plaintiff entered the premises of Defendants' business as a customer and invitee, and fell when Plaintiff encountered the previously described dangerous condition.

21.

By virtue of its superior knowledge of the dangerous condition prior to Plaintiff's fall on February 1, 2020, and its ability to remove or warn of the dangerous condition, Defendants owed a duty to Plaintiff to warn of the above described dangerous condition or to correct said dangerous condition.

22.

The sole proximate cause of the injuries and damages sustained by Plaintiff was the negligence by Defendants who were negligent in the following particulars:

- A) Defendants failed to warn customers, including Plaintiff, of the dangerous condition on the premises which they controlled or occupied and for which they were responsible and to which plaintiff had been invited;
- B) Defendants failed to place proper warning signs in the area;
- C) Defendants failed to take any precautions to prevent customers, including Plaintiff, from being injured due to the dangerous condition;
- D) Defendants failed to promptly repair, maintain, and correct the dangerous condition which was known to them; and
- E) Defendants failed to properly inspect the premises of the movie theater to identify said dangerous condition.

23.

As a direct and proximate result of the aforementioned fall, Plaintiff was injured.

24.

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered

extensive, severe, personal injuries, including a fractured knee, has been prevented from performing daily activities, has and continues to suffer great pain in her body, has and will continue to suffer mental anguish, and has and continues to incur substantial expenses for medical attention.

25.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred special damages consisting of medical expenses for the care and treatment of her injuries in excess of $10,000, potential future medical expenses which have not yet been determined, lost wages, as well as, general damages of pain and suffering.

26.

By virtue of its negligence, conduct, and actions, Defendants have injured and damaged Plaintiff in an amount to be determined by the enlightened conscience of impartial jurors to compensate Plaintiff for her special and general damages.

27.

The conduct of Defendants, as previously described herein, was not only negligent and/or negligent *per se*, but also showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of indifference to the consequences of its actions to Plaintiff. Plaintiff is thus entitled to recover punitive damages pursuant to O.C.G.A. §51-12-5.1.

28.

Pursuant to O.C.G.A. § 13-6-11, Defendants have been stubbornly litigious, have acted in bad faith, or have caused Plaintiff unnecessary trouble or expense, entitling Plaintiff to recover her expenses of litigation in the discretion of the jury, including attorneys' fees, in an amount to

be determined by the evidence submitted at the trial of this case.

WHEREFORE, Plaintiff respectfully prays for the following:

1. That the Summons and Complaint be served upon Defendants as provided by law;
2. That judgment be entered against Defendants in an amount sufficient to fully and completely compensate Plaintiff for her general and special damages;
3. That Plaintiff have judgment for punitive damages, in the discretion of the jury, pursuant to O.C.G.A. §51-12-5.1.
4. That Plaintiff have judgment, in the discretion of the jury, for her expenses of litigation, including reasonable attorneys' fees, in an amount based upon the evidence submitted at trial.
5. That Plaintiff have a bench trial; and
6. For such other relief as the Court shall deem just and proper.

Respectfully submitted this ___28___ day of January, 2021.

GARY O. BRUCE, P.C.
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

Gary O. Bruce
Georgia Bar No. 090266
J. Brandon Snellings
Georgia Bar No. 532402
Kristen C. Sanders
Georgia Bar No. 443214
*Attorneys for Plaintiff*